UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Elizabeth G. Reagan,
    Plaintiff

vs                              Case No. 1:99-cv-544-SSB-TSH
                                   (Beckwith, C. J.; Hogan, M. J.)

William L. Embry,
    Defendant

## REPORT AND RECOMMENDATION

This matter is before the Court on pro se defendant William Embry's motion to vacate default judgment (Doc. 26) and plaintiff Elizabeth Reagan's memorandum in opposition. (Doc. 27). For the reasons set forth more fully below, the motion should be denied.

Plaintiff initiated this diversity action under 28 U.S.C. § 1332, with the filing of a complaint on July 15, 1999, alleging that defendant absconded overseas with approximately eight million dollars of plaintiff's money in early 1999. In early September 1999, plaintiff moved for and was granted both an entry of default (Doc. 10), and a default judgment in this case. (Docs. 13, 14). In early December 2001, plaintiff filed a Notice of Partial Satisfaction Of Judgment (Doc. 24), indicating that plaintiff had recovered in excess of 3.6 million dollars from defendant on November

24, 1999, plus and an additional $23,0000 in January and December 2000, through two garnishments of monies owed to defendant by banks in Nevada and Tennessee. (Id.). On September 3, 2004, plaintiff filed a Notice of Certificate of Judgment setting forth the amounts still owed on the judgment pursuant to the December 2001 Partial Satisfaction of Judgment. (Doc. 25). On May 24, 2007, pro se defendant Embry filed the motion to vacate default judgment. (Doc. 26).

Defendant argues that the default judgment entered in this case on September 7, 1999, should be vacated because plaintiff did not perfect service of process and therefore the Court lacks *in personam* jurisdiction over defendant. Defendant contends that in the absence of proper jurisdiction, the Court's judgment was void *ab initio*, and therefore should be set aside pursuant to Fed. R. Civ. P. 60(b), notwithstanding the fact that the motion to vacate judgment was filed approximately six and a half years after the Court's judgment was entered.

Plaintiff contends that service was effected pursuant to Fed. R. Civ. P. 4(e)(1), S. D. Ohio Civ. R. 4.2, and Ohio R. Civ. P. 4(3)(B), and therefore defendant's motion to vacate default judgment is without merit. According to plaintiff, defendant's contention that he never received actual notice of this action is insufficient to invalidate the Court's prior finding that service was perfected when defendant's agent received and signed for the summons and complaint mailed to defendant at the DeLand, Florida post office box address. Plaintiff further contends that defendant's failure to challenge the entry of default judgment within a reasonable time precludes the relief he seeks under Fed. R. Civ. P. 60 (b).

2

Plaintiff sought to perfect service of process on defendant by certified mail at multiple addresses in the United States, as well as by international registered mail sent to an address in the Cape Verde Islands where defendant was believed to be living at the time this action was filed. (See Docs. 3, 4). On August 3, 1999, the Clerk of Courts filed a Return of Service in this case, indicating that service was executed on defendant on July 29, 1999 by certified mail, at a Post Office Box address in DeLand, Florida. (Doc. 5). Attached to the Return of Service is a certified mail return receipt for the summons and waiver mailed to William L. Embry, PO Box 3848. DeLand, FL 32721, bearing the signature of addressee or agent "William L Embry." (Id.). Subsequently, on August 10, 1999, the Clerk of Courts entered a Return of Service notice indicating that service of the complaint and summons was "returned unexecuted (refused)" as to defendant at the DeLand, Florida address. (Doc. 8). Attached to this subsequent notice was an affidavit submitted by Gary R. Smink and dated August 5, 1999. (Id.).

The Smink affidavit states in pertinent part:

That prior to [defendant] moving overseas, I was asked by him to occasionally check the mail at the post office box in Deland, FL;

That on or about July 29, 2999 I checked the post office box and later signed William L. Embry's name for a registered letter from the Federal District Court;

That once I noticed that these were legal papers, I realized I should not

3

> have signed William L. Embry's name for them;
>
> That I did not nor do I have express or implied authority to accept any legal papers or process for William L. Embry's behalf (sic) nor to sign his name for any reason. . . .

(Doc. 8, attached).

Defendant refers this Court to the August 1999 Smink affidavit and defendant's own affidavit submitted in support of the motion sub judice. Defendant avers that he was neither the registered owner, nor did he posses keys to the Deland, Florida Post Office Box to which the plaintiff directed service. Defendant further avers that at the time plaintiff attempted to effect service using the Deland, Florida address, defendant was living overseas. (See Doc. 26, Embry Affidavit attached). Defendant argues these affidavits demonstrate that Smink was not authorized to accept service of process on defendant's behalf and that defendant never received actual notice of the lawsuit. Defendant asserts that in the absence of proper service, the Court lacks jurisdiction and consequently the default judgment issued is November 1999 is void ab initio.

Pro se defendant Embry seeks to set aside the Court's default judgment entered against him on November 7, 1999. Pursuant to Fed. R. Civ. P. 55 © which governs motions to set aside default judgment, a default judgment may be set aside in accordance with Rule 60(b). In turn, Fed. R. Civ. P. 60(b) provides that a party may be relieved from final judgment when the judgment is void, or for any other reason

4

that justifies relief. Fed. R. Civ. P. 60(b)(4) & (6).

A judgment is considered void under Rule 60 (b)(4) if the court that rendered the judgment lacked jurisdiction over the subject matter or the parties. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995) (quoting *In re Edwards*, 962 F.2d 641, 644 (7th Cir. 1992)). Where there has been a failure to properly serve a defendant with process, the court lacks personal jurisdiction over that defendant. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, Ltd., 484 U.S. 97, 104 (1987); *O.J. Distributing, Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 352 (6th Cir. 2003). Consequently, a judgment against a defendant over whom the court has no personal jurisdiction is void. *Bank One, N.A. v. Abbe*, 916 F.2d 1067, 1081 (6th Cir. 1990). Under such circumstances, the court is obligated to set aside the judgment under Rule 60(b)(4). *Jalapeno Property Management, LLC v. Dukas*, 265 F.3d 506, 515-16 (6th Cir. 2001); *O.J. Distributing, Inc.*, 340 F.3d at 353. Contrary to plaintiff's assertion, "the directive that motions for relief from final judgment under Rule 60(b) must be filed 'within a reasonable time' does not apply to motions made under Rule 60(b)(4) to set aside void judgments. . . . [T]here is no time limit on an attack on a judgment as void." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Rules of Practice & Procedure* § 2862 (2d ed. 2006)(internal quotations omitted). See also 12 *Moore's Federal Practice* § 60.65 (Matthew Bender 3d ed. 2005); *Electroweb Media, Inc. v. MYCASHNOW.COM, Inc.*, 2006 WL 2850132 (E. D. Tenn. Sept. 29, 2006).

Thus, the Court must determine whether defendant was properly served with process in this case. Plaintiff argues that proper service was made on defendant at the

5

DeLand, Florida address. Defendant contends that he was neither the registered owner of the DeLand, Florida Post Office Box, not did he have keys or access to the box. Defendant further contends that he could not have been properly served at that address because he was not residing in the country at the time of alleged service. Finally, defendant argues that the Smink affidavit demonstrates that Mr. Smink was not authorized to accept service for defendant at the DeLand, Florida address and the affidavit constitutes notice to the Court at the time of attempted service on defendant that service at that address had been refused.

Fed. R. Civ.P. 4(e)(1) provides that service of process may be effected in any judicial district of the United States pursuant to the law of the state in which the district court is located, or in which service is effected. In turn, Rule 4.3(B)(1) of the Ohio Rules of Civil Procedure, the state in which this district is located, provides for out-of-state service by certified mail, "evidenced by return receipt signed by any person." The rule defines "person" for purposes of service of process as "an individual, and individual's executor, administrator, or other personal representative. . . ." Ohio R. Civ. P. 4.3(A).

In the present case, the Court found when it granted default judgment in this case that service had been perfected by certified mail service on defendant at the DeLand, Florida Post Office Box address. (Doc. 13, p. 1, ¶ 2). The Court made this finding notwithstanding the fact that Mr. Smink's affidavit purporting to refuse service of process had been filed in the case in August 1999. Moreover, the affidavit itself makes clear that defendant asked Mr. Smink to serve as his personal representative with respect to the mail sent to the DeLand, Florida address. (See Doc.

6

8, Smink Aff., ¶ 2)("prior to [defendant] moving overseas, I was asked by him to occasionally check the mail at the post office box in Deland, Fl"). While Defendant may not have had keys to the mail box at this time, nor have been the named registered owner of the post office box, it is clear from the Smink affidavit, that the address was one at which defendant expected to receive mail during the relevant time period. Smink admits that on July 29, 1999, he signed for the certified mail containing the summons and copy of the complaint. (Id., ¶ 3). These rules governing service on individuals do not require, as defendant suggests, that the "person" who signs the receipt for service by certified mail be specifically designated as an individual authorized to accept legal papers or service of process. See *LSJ Investment Company, Inc. v. O.L.D.*, Inc., 167 F.3d 320, 323 (6th Cir. 1999).

For service to be proper, it must comport with due process by providing notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Id.* (citing *Whisman v. Robbins*, 721 F. Supp. 632, 638 (S. D. Ohio 1988)). In this case, the District Court reasonably concluded that certified mail delivered to and signed for at an address at which defendant expected to receive mail and which defendant had requested that his representative regularly check fo his mail gave "notice reasonably calculated" under the requisites of due process.

**IT IS THEREFORE RECOMMENDED THAT:**
Defendant's motion to set aside default judgment be DENIED.

Timothy S. Hogan
United States Magistrate Judge

7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Elizabeth G. Reagan,
Plaintiff

vs

Case No. 1:99-cv-544-SSB-TSH
(Beckwith, C. J.; Hogan, M. J.)

William L. Embry,
Defendant

## NOTICE

Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 1-25-08. Any party may object to the Magistrate's findings, recommendations, and report within fifteen (15) days after the filing date of this report and recommendation or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by ( Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>William L Embry<br>1167 Basque Lane<br>Summerland, FL 33042 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) | ☐ Yes |
| 2. Article Number (Transfer from service label) | 7007 1490 0001 0562 6592 | |

PS Form 3811, August 2001     Domestic Return Receipt     102595-01-M-2509

1:99cv544   Doc. 28